**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TAMAR JACKSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0370-CVE-JFJ** |
| | ) | |
| MISTY CORNWELL and | ) | |
| DERRICK YAZEL, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Tamar Jackson, a self-represented litigant, brings this action under 42 U.S.C. § 1983, claiming constitutional deprivations while incarcerated at Northeast Oklahoma Community Corrections Center ("NOCCC").  Dkt. # 1.  Jackson claims that defendants Derrick Yazel, warden, and Misty Cornwell, warden's assistant, violated his constitutional rights by denying him access to the courts and retaliating against him.  See id.  Cornwell and Yazel move to dismiss Jackson's complaint, under Federal Rule of Civil Procedure 12(b)(6).  Dkt. # 21.  Jackson filed a response in opposition.  Dkt. # 22.[1]  For the following reasons, the Court grants defendants' motion.

### I.    Standard of review

Dismissal of claims under Rule 12(b)(6) is appropriate if the facts alleged in the complaint fail to state a claim on which relief may be granted.  To withstand a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish

---

[1]    Jackson filed a motion for leave to supplement his response.  Dkt. # 26.  The defendants did not respond.  Therefore, the Court grants Jackson's motion and considers Jackson's supplemental arguments in evaluating the motion to dismiss.

plaintiff's claim.  Id. at 556; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  The complaint need not contain "detailed factual allegations," but it must contain "more than labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action."  Bell Atl. Corp., 550 U.S. at 555. When considering the sufficiency of the complaint, a court must accept as true all the well-pleaded factual allegations and construe them in the plaintiff's favor.  Id.  But the court may disregard legal conclusions or conclusory statements devoid of factual support.  Id.; Iqbal, 556 U.S. at 678.

Further, when a plaintiff appears without counsel, the Court must liberally construe the complaint.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  But even self-represented litigants bear the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based."  Id.  And the rule of liberal construction neither permits nor requires a court to assume the role of the unrepresented litigant's advocate by "supply[ing] additional factual allegations to round out a plaintiff's complaint or construct[ing] a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

At the motion-to-dismiss stage, a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable."  Straub v. BNSF Ry. Co., 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting Bell Atl. Corp., 550 U.S. at 556).  Nonetheless, dismissal is appropriate "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief."  Bell Atl. Corp., 550 U.S. at 558.

## II.    Background

Jackson's instant litigation arises out of his attempts to appeal his 2016 state court conviction.  On October 28, 2024, Jackson filed an application for post-conviction review seeking

an appeal out of time. Application, <u>State of Oklahoma v. Jackson</u>, Case No. CF-2015-599 (Creek Cnty. Oct. 28, 2024);[2] <u>see also</u> Dkt. # 1, at 17.[3] On January 21, 2025, the application for post-conviction relief was denied. Dkt. # 20-3, at 2-8. On March 17, 2025, Jackson filed a petition for appeal out of time with the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. # 20-5, at 5. The OCCA declined jurisdiction and dismissed Jackson's petition, on April 7, 2025, because Jackson did not file the requisite notice of post-conviction appeal with the clerk of the district court on or before February 10, 2025, as required by Rule 5.2(C)(1) of the <u>Rules of the Oklahoma Court of Criminal Appeals</u>. <u>Id.</u> at 1-3. Critical to Jackson's endeavor to appeal his 2016 conviction out-of-time through the state court channels is that he purportedly did not receive a copy of the district court's January 21, 2025 order until February 25, 2025, and, therefore, did not timely file a notice of post-conviction appeal. <u>See</u> Application, <u>State of Oklahoma v. Jackson</u>, Case No. CF-2015-599 (Creek Cnty. Apr. 14, 2025); <u>see</u> <u>also</u> Dkt. # 20-3, at 29.

Subsequently, Jackson turned to this Court claiming that Yazel and Cornwell violated his constitutional rights by denying him access to the courts and retaliating against him. <u>See</u> Dkt. # 1. Jackson's position is that since he did not timely file a notice of post-conviction appeal, he intended to file a motion to show cause with the OCCA. <u>Id.</u> at 10. Specifically, Jackson alleges that

> [t]he actions of my trial court . . . circumvented me from filing a notice of post-conviction appeal before the 20th [sic.] day of February, 2025, through no fault of

---

[2]     The Court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. <u>St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.</u> 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); <u>see also</u> <u>Gee v. Pacheco</u>, 627 F.3d 1178, 1191 (10th Cir. 2010) (The Tenth Circuit took judicial notice of court records in underlying proceedings to evaluate whether the plaintiff stated a claim for violating his constitutional right to access the courts).

[3]     The Court's citations refer to the CM/ECF header pagination.

my own, and the lack of access to the law library prompted me to draft a motion to show cause on my tablet.

Id. Jackson planned to type the drafted motion on a computer in NOCCC's law library and file it with the OCCA on April 7, 2025. Id. at 10-12. However, Jackson alleges that the law library was closed from March 18, 2025, until April 14, 2025, except for two hours on March 28, 2025, and approximately one hour and thirty minutes on April 4, 2025. Id. at 10. On March 28, 2025, Jackson, as the prison law clerk, helped other inmates and "was unable to re-type [his] motion on the computer, print it and submit it to the OCCA." Id. at 11. On April 4, 2025, he was able to type five of the seven pages of his motion during the time the library was open. Id. He requested that Cornwell provide him with additional time to complete typing his motion, and his request was denied. Id. at 11-12. Subsequently, his appeal was dismissed, and Jackson contends that the dismissal is the result of his inability to type and file the motion to show cause due to the law library closure. Id. at 12. Jackson also alleges that the defendants failed to follow the Oklahoma Department of Corrections' policy requiring law libraries to be open a minimum of thirty hours a week. Id. at 10.

The Court discerns the following claims in Jackson's complaint: i) denial of access to the courts; ii) retaliation; and iii) supervisory liability. See Dkt. # 1. Jackson advances these claims against Cornwell and Yazel in their individual and official capacities. Id. at 2. The Court now considers each claim.

### III.    Access to the courts

Jackson first claims that the law library closure denied him access to the courts and resulted in the dismissal of his appeal. Dkt. # 1, at 5. Defendants contend that Jackson cannot establish an

actual injury, and he does not have a constitutional right to a typewriter or computer.  Dkt. # 21, at 4-5.  The Court agrees.

It is well established that "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds v. Smith, 430 U.S. 817, 828 (1977).  But this constitutional obligation does not require states to afford inmates unlimited access to a library, Twyman v. Crisp, 584 F.2d 352, 358 (10th Cir. 1978), and is satisfied if states provide inmates with "a reasonably adequate opportunity" to present their legal claims, Bounds, 430 U.S. at 825.  An inmate alleging a violation of the constitutional right of access to the courts "must show actual injury."  Lewis v. Casey, 518 U.S. 343, 349 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (interpreting Lewis).  Furthermore, "[a]ccess to the courts does not include a federally protected right . . . to have one's pleadings typed . . . , the reason being that pro se prisoners['] causes are not prejudiced by the filing of handwritten briefs."  Twyman, 584 F.2d at 358 (citing Stubblefield v. Henderson, 475 F.2d 26 (5th Cir. 1973) and Tarlton v. Henderson 467 F.2d 200 (5th Cir. 1972)).

Here, Jackson alleges that he was able to prepare the motion for show cause on his tablet.  Dkt. # 1, at 10.  Jackson does not allege that he was prevented from handwriting and filing the motion for show cause.  See Dkt. # 1, generally.  The Court notes that Jackson handwrote the instant complaint and another application for post-conviction relief that he signed on April 9, 2025.[4] Application, Jackson v . State of Oklahoma, Case No. CF-2015-599 (Creek Cnty. April 14, 2025).  The Court concludes that Jackson had a reasonably adequate opportunity to handwrite and

---

[4]     This is five days before Jackson alleges that the library re-opened.  Dkt. # 1, at 10.

file his motion to show cause, rendering him without an actual injury.  Therefore, Jackson has failed to state a claim for denial of access to the courts, and the Court dismisses this claim.

### IV.   Retaliation

Jackson also alleges that he was "'let go' from my job as law clerk by Defendant Cornwell" and his allotment of time in the law library has been reduced to "no more than two (2) hours a week" "in retaliation for submitting [his] grievance[.]"  Dkt. # 1, at 17-18.  Defendants did not address Jackson's retaliation claim.  See Dkt. # 21.  However, because this Court granted Jackson leave to proceed in forma pauperis, this Court has a continuing obligation to dismiss this action "at any time" if the complaint —"(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Therefore, the Court will evaluate Jackson's retaliation claim against Cornwell.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . . [A]n inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights."  Fogle v. Pierson, 435 F.3d 1252, 1263–64 (10th Cir. 2006) (italics in original) (quoting Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)).  To prove a defendant's liability for retaliation, Jackson is required to show:

> [he] engaged in a constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007).  But "'[a] plaintiff's subjective beliefs about why the [defendant] took action, without facts to back up those beliefs, are not

sufficient' to establish retaliatory motive." Rhodes v. Shannon, No. 23-8026, 2024 WL 79964, at *3 (10th Cir. 2024) (unpublished)[5] (quoting Nielander v. Bd. of Cnty. Comm'rs, 582 F.3d 1155, 1165 (10th Cir. 2009)); see also Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990) ("Mere allegations of constitutional retaliation will not suffice.").

Jackson fails to include sufficient allegations to satisfy the Shero elements. Jackson does not allege that the challenged actions would not have occurred "but for" a retaliatory motive. Baughman v. Saffle, 24 F. App'x 845, 848 (10th Cir. 2001). He merely offers a conclusory statement based upon his personal belief that he is the victim of retaliation without any facts to back up his beliefs. Nielander, 582 F.3d at 1165 ("[a] plaintiff's subjective beliefs about why the [defendant] took action, without facts to back up those beliefs, are not sufficient[.]"); Rhodes, 2024 79964, at *3. For this reason, Jackson's retaliation claim against Cornwell fails to state a claim upon which relief may be granted, and the Court dismisses this claim.[6]

### V.    Supervisory liability

Jackson also alleges that "Defendant Yazel had the immediate responsibility of ensuring that his staff and his facility operate[d] within the policies of DOC." Dkt. # 1, at 16. Jackson also alleges that Yazel was the warden of NOCCC at the time, and Cornwell was Yazel's assistant. Id. at 2. Liberally construing Jackson's allegations, the Court understands this allegation as a claim against Yazel, in his individual capacity, for supervisory liability. Yazel did not address this claim in his motion to dismiss. See Dkt. # 21.

---

[5]    The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

[6]    To the extent Jackson intended to allege a retaliation claim against Yazel, this claim is also dismissed because Jackson fails to allege any personal involvement by Yazel. Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011) ("Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

"[T]he three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities [are]: (1) personal involvement[,] (2) causation, and (3) state of mind." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013); see also Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010). However, "supervisors . . . can be liable under § 1983 for the actions of their subordinates only if one of those subordinates committed an underlying constitutional violation." Burke v. Regalado, 935 F.3d 960, 1009-1010 (10th Cir. 2019); see also Martinze v. Beggs, 563 F.3d 1082, 1092 (10th Cir. 2009) (A defendant "cannot be held liable in his individual capacity for implementing county policies . . . under a theory of supervisory liability, when there was no violation of [plaintiff's] constitutional rights."). As noted above, Jackson failed to plausibly allege that Cornwell violated his constitutional rights by closing the law library or removing Jackson from his position as law clerk. See supra. Therefore, it follows that Jackson failed to state a claim for supervisory liability against Yazel, and the Court dismisses this claim. 28 U.S.C. § 1915(e)(2)(B).

## VI.    Qualified immunity

The defendants contend that they are entitled to qualified immunity. Dkt. # 21, at 6-9. However, "[i]f a plaintiff fails to state a valid claim, [the Court] need not even reach the issue of the qualified immunity defense." Moore v. City of Wynnewood, 57 F.3d 924, 931 (10th Cir. 1995). Because Jackson fails to state a valid claim against either defendant, in their individual capacity, the Court will not address the issue of qualified immunity.

## VII.    Official capacity claims

Finally, Jackson represents that he is asserting his claims against Cornwell and Yazel in their official capacities as well. Dkt. # 1, at 2. To the extent Jackson seeks damages from Cornwell and Yazel in their official capacities (Id. at 5), these claims are subject to dismissal because it is

well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the state. See Kentucky v. Graham, 473 U.S. 159, 165 (1985); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1988) (holding that state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official). Therefore, Jackson's claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment. See Callahan v. Poppell, 471 F.3d 1155, 1158–59 (10th Cir. 2006) (noting that because "Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court," any claims for money damages against prison staff acting in their official capacities are barred by the Eleventh Amendment).

To the extent Jackson seeks injunctive relief from Cornwell and Yazel, in their official capacities (Dkt. # 1, at 5), these claims are also subject to dismissal because they are moot. Jackson is no longer housed at NOCCC. See Dkt. # 24. Therefore, any request for injunctive relief against NOCCC defendants is moot. See Jordan v. Sosa, 654 F.3d 1012, 1027-28 (10th Cir. 2011) (holding prisoner's claim for injunctive relief was rendered moot by prisoner's transfer to another facility). For these reasons, the Court dismisses Jackson's § 1983 official capacity claims.

## VIII.  Conclusion

Based on the foregoing, the Court concludes that the defendants' motion to dismiss shall be granted, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. # 21) is **granted**.

**IT IS FURTHER ORDERED** that Jackson's motion for entry of scheduling order (Dkt. # 25) is **denied as moot**.

**IT IS FURTHER ORDERED** that Jackson's motion for leave to supplement plaintiff's response in opposition (Dkt. # 26) is **granted**.

**IT IS FURTHER ORDERED** that this is a final order terminating the case and a separate judgment of dismissal shall be entered herewith.

**DATED** this 5th day of June, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE